IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CYNTHIA TAYLOR,

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

CIVIL ACTION NO. 4:17-cv-172 WTM/GRS

## NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. § 1446, Defendant Wal-Mart Stores Inc. files this Notice of Removal in the United States District Court for the Southern District of Georgia, Savannah Division, and invokes this Court's jurisdiction over this matter on the following grounds:

1.

      This personal-injury action was commenced on or about September 19, 2016 by the filing of the original Summons and Complaint in the State Court of Chatham County, Georgia, styled CYNTHIA TAYLOR v. WAL-MART STORES, INC., Civil Action File No. STCV1601366. Chatham County is within the Southern District of this Court. 28 U.S.C.A. § 90(a)(2). The Complaint and Answer are attached hereto. Copies of all other pleadings and orders served upon Defendant in such action to date will be filed as Composite Exhibit "A" on September 20, 2017.

2.

      This case is subject to removal under 28 U.S.C. § 1332.

3.

Wal-Mart Stores, Inc. is a publicly traded Delaware corporation whose principal place of business is Bentonville, Arkansas. Wal-Mart Stores, Inc. is not a citizen of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter.

4.

Plaintiff's Complaint alleges that Wal-Mart Stores, Inc. negligently maintained the premises of Wal-Mart Store No. 2630 located at 160 Pooler Parkway, Pooler, Georgia 31322 (the "Pooler store") and that, as a result, Plaintiff was injured in a slip and fall accident. (Complaint).

5.

Plaintiff is a South Carolina resident.

6.

As such, complete diversity of citizenship exists between Plaintiff, a resident and citizen of the State of South Carolina, and the Defendant Wal-Mart Stores Inc., a Delaware corporation.

7.

Removal of this action is therefore appropriate pursuant to 28 U.S.C. §1441, because Plaintiff is a citizen of South Carolina and Wal-Mart Stores Inc. is a Delaware corporation.

8.

This removal is timely because it has been filed within thirty (30) days after receipt by Defendant, through service or otherwise, a copy of an "other paper" from which Defendant ascertained this case is removable. 28 U.S. Code § 1332 (d)(7). Removal is similarly timely because it has been filed within one (1) year of the commencement of the suit. 28 U.S.C.A. §

1446(c). On or about September 6, 2017, counsel for Defendant Walmart spoke with counsel for Plaintiff by telephone, and Plaintiff's counsel indicated for the first time that Plaintiff's damages well exceeded $75,000.00.[1]

9.

Plaintiff's Complaint seeks recovery for substantial past and future medical damages. (Complaint at ¶ 19). Based on Plaintiff's counsel's representation to Defendant's counsel, Plaintiff's alleged past medical expenses alone are in excess of $180,000.00. Therefore, the amount in controversy, exclusive of interest and costs, between Plaintiff and Defendant is open-ended and exceeds the sum of $75,000.00.

10.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 (a) and 1441 because complete diversity exists between the parties and the amount in controversy is open-ended and exceeds $75,000.00.

11.

By service of a copy of this Notice of Removal as evidenced by the Certificate of Service attached, Defendants hereby give notice of such removal to Plaintiff.

12.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants will file by September 20, 2017 copies of all process, pleadings, and orders served on and filed by Defendants in the State Court of Chatham County, Georgia for the above-styled case.

13.

Pursuant to 28 U.S.C. § 1447, Defendants are not required to file a removal bond.

---

[1] Defendant's removal is based on Plaintiff's counsel's representation that he would formally supplement this damages information through written discovery, therefore constituting "other paper" as defined by the statute.

14.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446 per the attached certificate of service.

15.

A true and correct copy of this Notice of Removal will be filed with the Clerk of State Court of Chatham County, Georgia, as required by 28 U.S.C. § 1446.

**Wherefore**, Defendant prays that this Court take cognizance and jurisdiction over this claim from the State Court of Wayne County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. 1332.

This _19_ day of September, 2017.

DREW, ECKL & FARNHAM, LLP

Jeffrey S. Ward
Georgia Bar No. 737277
Attorneys for Defendant
M. Waite Thomas
Georgia Bar No. 617667

777 Gloucester Street
Suite 305
Brunswick, GA 31520
Jward@deflaw.com
Wthomas@deflaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CYNTHIA TAYLOR,

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

CIVIL ACTION NO.

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing *Notice of Removal* on all parties by depositing a copy of same in the U.S. mail, with proper postage prepaid and addressed:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
530 Stephenson Avenue, Suite 200
Savannah, Georgia 31405

This 19th day of September, 2017.

DREW, ECKL & FARNHAM, LLP

M. Waite Thomas
Georgia Bar No. 617667
Attorneys for Defendants

777 Gloucester Street, Ste. 305
Brunswick, Georgia 31520
912-280-9662



ARKANSAS
SECRETARY OF STATE
*Mark Martin*

*Search Incorporations, Cooperatives, Banks and Insurance Companies*

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WAL-MART STORES, INC. |
| Fictitious Names | BUD'S DISCOUNT CITY |
| | BUD'S WAREHOUSE OUTLET |
| | BUD'S WAREHOUSE OUTLET |
| | FORT SMITH REMARKETING |
| | SAM'S CLUB |
| | SAM'S WHOLESALE CLUB |
| | WAL-MART |
| | WAL-MART AVIATION |
| | WAL-MART EXPRESS |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER #1147 |
| | WAL-MART SUPERCENTER #8 |
| | WAL-MART VACATIONS |
| | WALTON LIFE FITNESS CENTER |
| Filing # | 100067582 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | THE CORPORATION COMPANY |
| Agent Address | 124 WEST CAPITOL AVENUE SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 03/31/1970 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | DOUGLAS MCMILLON , President |
| | JEFFREY J GEARHART , Secretary |
| | ANTHONY WALKER , Vice-President |
| | CLAIRE BABINEAUX-FONTENOT , Treasurer |
| | STEVEN P WHALEY , Controller |
| Foreign Name | N/A |
| Foreign Address | 702 SW 8TH STREET |
| | BENTONVILLE, 72716 |
| State of Origin | DE |

**Purchase a Certificate of Good Standing for this Entity**     **Pay Franchise Tax for this corporation**

 CT Corporation

**Service of Process
Transmittal**
10/28/2016
CT Log Number 530090620

**TO:**  Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:**  **Process Served in Georgia**

**FOR:**  Wal-Mart Stores, Inc.  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Taylor Cynthia, Pltf. vs. Wal-Mart Stores, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Complaint, Certificate, Certification |
| **COURT/AGENCY:** | Chatham County State Court, GA<br>Case # STCV1601366 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/26/2016 - 160 Pooler Parkway, Pooler, Chatham County, Georgia |
| **ON WHOM PROCESS WAS SERVED:** | Corporation Process Company, Duluth, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/28/2016 at 10:54 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David S. Eichholz<br>The Eichholz Law Firm, P.C.<br>530 Stephenson Avenue, Suite 200<br>Savannah, GA 31405<br>912-232-2791 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/28/2016, Expected Purge Date: 11/02/2016<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | Corporation Process Company<br>2180 Satellite Blvd<br>Duluth, GA 30097<br>866-286-4469 |

Page 1 of  1 / PC

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

66545

Civil Action No. STCV 16013666

Date Filed 9/19/16

Magistrate Court ☐
Superior Court ☐
State Court ☑
**Georgia, Gwinnett County**

Attorney's Address
David Eichholz
530 Stephenson Avenue Ste 200
Savannah, GA 31405

VS.

**Plaintiff**

Name and Address of party to be served.
Wal-Mart Stores, Inc. c/o registered agent
Corporation Process Company,
2180 Satellite Boulevard Suite 400
Duluth, Georgia 30097

**Defendant**

**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious** ☐
I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ☑
Served the defendant _Wal Mart Stores Inc._ a corporation
by leaving a copy of the within action and summons with _Linda Banks, R.I._
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _28_ day of _Oct_, 20_16_.

Deputy J. Bonner

50333

**Gwinnett County, Georgia**

Sheriff Docket_____ Page_____

WHITE: Clerk          CANARY: Plaintiff / Attorney          PINK: Defendant

SC-2 Rev.3.13



# In The State Court of Chatham County

MAILING ADDRESS: P.O. BOX 9927,   SAVANNAH, GEORGIA 31412

133 Montgomery Street, Suite 501

www.statecourt.org  •  Phone (912) 652-7224  •  FAX (912) 652-7229  •  clerk@statecourt.org

| | |
|---|---|
| **CYNTHIA TAYLOR** | |
| | STCV16 0 f3l66 |
| Plaintiff | Case Number |

Vs

| | |
|---|---|
| **WAL-MART STORES, INC.** | Address of Defendant |
| | WAL-MART, INC.<br>2180 Satellite Boulevard, Suite 400<br>Duluth, GA 30097 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Wal-Mart Stores, Inc. c/o Corporation Process Company, registered agent

Defendant's Address 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney,

whose name and address is:
| |
|---|
| David S. Eichholz<br>530 Stephenson Avenue<br>Suite 200<br>Savannah, GA 31405 |

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded
in the complaint.

This 19 day of Sept , 20 16

*Brian K. Hart*

**CLERK OF COURT**
**State Court of Chatham County**

S. Sue

Deputy Clerk, State Court of Chatham County

| |
|---|
| Not valid until<br>signed and sealed<br>by a Deputy Court<br>Clerk |



27. Summons 09-05

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

CYNTHIA TAYLOR,

     Plaintiff,

vs.

WAL-MART STORES, INC.,

     Defendant.

CIVIL ACTION NO.

STCV1401366

## COMPLAINT FOR DAMAGES

COMES NOW CYNTHIA TAYLOR, Plaintiff in the above-captioned matter, and states Plaintiff's Complaint against Defendant and shows the Court as follows:

1.

The Plaintiff, CYNTHIA TAYLOR, is a resident of the City of Hardeeville, Jasper County, South Carolina.

2.

Defendant WAL-MART STORES, INC., is a foreign corporation that is authorized to transact business in the State of Georgia and is subject to the jurisdiction of this Court. Service of process may be had on said Defendant by serving its registered agent, Corporation Process Company at 2180 Satellite Boulevard, Suite 400, Duluth, GA 30097.

3.

Defendant, WAL-MART STORES, INC., is a foreign corporation authorized to transact business in this State and is presently doing business and has a store at 160 Pooler Parkway, Pooler, Chatham County, Georgia 31322.

4.

Venue is proper in this Court pursuant to O.C.G.A. § 14-25-510(b)(3).

5.

On or about May 26, 2015, Plaintiff was an invitee of the Defendant WAL-MART STORES,

INC., on the premises located at 160 Pooler Parkway, Pooler, Chatham County, Georgia.

6.

On or about May 26, 2015, a puddle of clear liquid covered the floor in the hardware

department on the premises of Defendant WAL-MART STORES, INC.

7.

The clear liquid on the floor of Defendant's premises constituted a dangerous and unsafe

condition.

8.

Plaintiff, CYNTHIA TAYLOR, while on the premises of Defendant WAL-MART STORES,

INC., slipped on the aforementioned liquid and fell on the floor.

9.

Defendant WAL-MART STORES, INC. knew or should have known of the dangerous and

unsafe condition.

10.

On or about May 26, 2015, the Defendant WAL-MART STORES, INC. did not take any

action to rectify this dangerous condition, or to keep customers from passing over the section of the

floor where the obstruction was located, or to alert customers of the dangerous condition, prior to the

time that the Plaintiff, CYNTHIA TAYLOR, slipped and fell.

11.

The premises of Defendant WAL-MART STORES, INC. were negligently maintained by the Defendant and its agents and employees on May 26, 2015, and more particularly, Defendant was negligent in the failure to exercise ordinary care in keeping the premises and approaches safe.

12.

Plaintiff, CYNTHIA TAYLOR, had no knowledge of the existence of the dangerous and unsafe condition.

13.

All times herein mentioned, WAL-MART STORES, INC. was in control and custody of said premises.

14.

The Defendant's negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

15.

The Plaintiff, CYNTHIA TAYLOR, sustained substantial and serious injuries, mental and physical, all of which have caused her extreme mental and physical pain and suffering, and she is entitled to recover from the Defendant for her past, present and future pain and suffering.

16.

The Plaintiff, CYNTHIA TAYLOR, sustained injuries as a result of her fall, including but not limited to the following specific physical injuries: back and wrist.

17.

As a result of the Defendant's negligence, the Plaintiff has incurred medical expenses in

excess of $5,000.00.

18.

As a direct and proximate result of the negligence of Defendant and the injuries caused thereby, the Plaintiff has endured and will continue to experience mental, emotional and physical pain and anguish.

19.

The Plaintiff CYNTHIA TAYLOR should be awarded compensatory damages from the Defendant for her general and special losses in an amount to be determined according to the enlightened consciences of fair and impartial jurors.

WHEREFORE, Plaintiff prays as follows:

(a)     That Defendant be served with process and be required to answer this lawsuit;

(b)     That Plaintiff CYNTHIA TAYLOR recover recompensive damages from Defendant WAL-MART STORES, INC. for the personal injuries which she has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c)     That Plaintiff CYNTHIA TAYLOR be awarded an amount sufficient to reimburse her for all past, present and future medical expenses and wage losses associated with her injuries;

(d)     That Plaintiff CYNTHIA TAYLOR be compensated for the mental and physical pain and suffering related to her injuries;

(e)     The Plaintiff CYNTHIA TAYLOR be awarded interest at the legal rate on any judgment ultimately rendered;

(f)     That the Plaintiff CYNTHIA TAYLOR have a trial by a jury of twelve (12) persons; and

(g)     That Plaintiff CYNTHIA TAYLOR be awarded any such other and further relief as

the Court may deem just and appropriate.

This _____ day of September, 2016.

                                        THE EICHHOLZ LAW FIRM, P.C.


                                        _____
                                        DAVID S. EICHHOLZ
                                        Georgia State Bar No. 502134
                                        Attorney for Plaintiff

530 Stephenson Avenue, Suite 200
Savannah, GA  31405
(912) 232-2791
(912) 629-2560 (fax)
david@thejusticelawyer.com

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**



CYNTHIA TAYLOR,

      Plaintiff,

      vs.

WAL-MART STORES, INC.,

      Defendant.

~~CIVIL ACTION NO.~~

2016 SEP 19 AM 9: 32

## CERTIFICATE OF SERVICE PURSUANT TO U.S.C.R. 5.2(2)

This is to certify that I have served a copy of the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS and PLAINTIFF'S FIRST REQUESTS FOR ADMISSION on the following:

Wal-Mart Stores, Inc.
c/o Corporation Process Company, Registered Agent
2180 Satellite Boulevard, Suite 400
Duluth, GA 30097

by attachment to the Summons and Complaint to be served by the Sheriff.

This _____ day of September, 2016.

THE EICHHOLZ LAW FIRM, P.C.

DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorney for Plaintiff*

530 Stephenson Avenue, Suite 200
Savannah, GA 31405
(912) 232-2791
(912) 629-2560 (fax)
david@thejusticelawyer.com



### In The State Court of Chatham County, Georgia

MAILING ADDRESS: P.O. BOX 9927,    SAVANNAH, GEORGIA 31412

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

CYNTHIA TAYLOR

Counsel or Party Counsel or Party

Plaintiff

Vs

WAL-MART STORES, INC.

Case Number

Defendant

## CERTIFICATION UNDER RULE 3.2

Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

This 8 day of SEPTEMBER, 20 16

Counsel or Party

## OR

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that this petition-pleading involves substantially the same parties or substantially the same factual issues as in Case # _____

_____ VS _____
        Plaintiff                              Defendant

Filed in The Eastern Judicial Circuit of Georgia which under Rule 3.2 of the Superior Court rules require the petition-pleading, be specifically assigned to the Judge whom the original action was or is assigned.

Counsel or Party



7. Certification under rule 3.2   09-05

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

CYNTHIA TAYLOR,                              )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        CIVIL ACTION
                                            )        FILE NO. STCV1601366
WAL-MART STORES, INC.,                      )
                                            )
        Defendant.                          )

FILED FOR FILING
STATE COURT CLERK
CHATHAM CO.

2016 NOV -3  AM 9: 09

Brian F. Hart

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Wal-Mart Stores, Inc., and files this Answer and Defenses to

Plaintiff's Complaint and shows the Court as follows:

### First Defense

Wal-Mart Stores, Inc. is not a proper party in this matter and must be dismissed. While

Defendant denies any and all liability, Defendant states that "Wal-Mart Stores East, LP" is the

business entity involved in the day-to-day operation of the Walmart store at issue, and would be

the potentially proper defendant in this matter.

### Second Defense

Pending additional investigation and discovery, Defendant affirmatively preserves any

and all defenses based on improper or insufficient service, lack of personal jurisdiction, and

improper venue.

### Third Defense

Pending additional investigation and discovery, Defendant affirmatively preserves any

and all defenses based on the doctrine of laches and/or the applicable statute of limitations.

### Fourth Defense

Pending additional investigation and discovery, Plaintiff's Complaint, taken as a whole, may fail to state a claim against Defendant upon which relief may be granted.

### Fifth Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's own actions, or by another party's actions.

### Sixth Defense

Defendant breached no duty owed to Plaintiff.

### Seventh Defense

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Eighth Defense

Pending further investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence. Defendant denies that Defendant or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Ninth Defense

Plaintiff may not recover against Defendant due to Plaintiff's equal or superior knowledge of any condition which she alleges resulted in this event.

### Tenth Defense

Plaintiff failed to exercise ordinary care for her own safety.

## Eleventh Defense

Defendant denies any and all allegations regarding negligent inspection and failure to warn.

## Twelfth Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

## Thirteenth Defense

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest or pre-judgment interest under the facts of this case.  Further, Defendant preserves all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law. If Plaintiff's claims are determined to be false or fraudulent, Defendant reserves the right to seek all sanctions against all persons allowed by law.

## Fourteenth Defense

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

## Fifteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

1.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint, and places Plaintiff on strict proof of same.

2.

Denied as pled. Defendant re-asserts the First Defense.

3.

Denied as pled. Defendant re-asserts the First Defense.

4.

Denied as pled. Defendant re-asserts the First Defense.

5.

To the extent this Paragraph contains a legal conclusion Defendant asserts that no response is required. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint which are therefore denied by operation of law.

6.

Denied.

7.

Denied.

8.

Denied as pled.

9.

Denied.

10.

Denied.

11.

Denied.

12.

Denied as pled.

13.

Denied as pled. Defendant re-asserts the First Defense.

14.

Denied.

15.

Denied.

16.

Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 16 of Plaintiff's Complaint which are therefore denied by operation of law. To the extent Paragraph 16 contains a legal conclusion regarding Defendant's negligence or the causation of Plaintiff's alleged injuries, Defendant denies those allegations. Any further and remaining allegations are denied.

17.

Denied.

18.

Denied.

19.

Denied.

20.

Defendant denies all allegations contained within Plaintiff's "prayer for relief", which appears immediately after the 19th paragraph of Plaintiff's Complaint.

21.

Defendant denies all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendant prays that it be discharged with all costs cast against Plaintiff.

Respectfully submitted, this 3rd day of November, 2016.

DREW ECKL & FARNHAM, LLP

Hall F. McKinley, III
Georgia Bar No. 495512
Michael L. Miller
Georgia Bar No. 508011

880 West Peachtree Street (30309)
Post Office Box 7600
Atlanta, Georgia  30357-0600
(404) 885-1400

Jeffrey S. Ward
Georgia Bar No. 737277
M. Waite Thomas
Georgia Bar No. 617667

777 Gloucester Street
Suite 305
Brunswick, Georgia  31520
(912) 280-9662

*Attorneys for Defendant*

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

CYNTHIA TAYLOR,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        CIVIL ACTION
                                   )        FILE NO. STCV1601366
WAL-MART STORES, INC.,             )
                                   )
        Defendant.                 )

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via United States Mail, postage prepaid,

a true and correct copy of the foregoing *Answer and Defenses to Plaintiff's Complaint* to the

following counsel of record, addressed as follows:

David S. Eichholz
The Eichholz Law Firm, P.C.
530 Stephenson Avenue, Suite 200
Savannah, Georgia 31405

This 3rd day of November, 2016.

DREW, ECKL & FARNHAM, LLP

Jeffrey S. Ward
Georgia Bar No. 737277
Attorneys for Defendant

777 Gloucester Street
Suite 305
Brunswick, GA 31520
(912) 280-9662
6779144/1
00001-020001